PORTSMOUTH COTTON OIL REFINING CORPORATION
*v.* CUMMING OIL AND FERTILIZER COMPANY.

A writ of error will not lie to a judgment overruling a motion for new
. trial, if rendered by the consent of the complaining party.

MAY 9, 1916.

Complaint; from Forsyth superior court.    Motion to dismiss.

*Evins, Spence & Moore* and *Louis E. Wisdom,* for plaintiff.

*G. F. Gober, W. I. Heyward,* and *C. L. Harris,* for defendant.

EVANS, P. J.    The plaintiff instituted an action against the de-
fendant in the superior court of Forsyth county, which was
tried and resulted in a verdict for the defendant.    The plaintiff
made a motion for a new trial, and a day was fixed for its determi-
nation.    Pending the motion the term of office of his honor Judge
Price Edwards, before whom the case was tried, terminated.    Judge
H. L. Patterson, the judge of the Blue Ridge circuit, was disquali-
fied.    Thereupon the parties agreed that the motion for new trial
might be passed upon by Hon. George L. Bell, judge of the
superior court of the Atlanta circuit.    On hearing the motion the
following order was passed by Judge Bell: "By consent of movant's
counsel in this case, this motion for new trial is overruled."    It is
to this judgment that exception is taken.

A motion was made to dismiss the bill of exceptions, on the
ground that the plaintiff in error can not prosecute a writ of error
to a judgment to which he consented, and which was rendered by
his consent.    "It is not an open question here that where a judg-
ment below was consented to by the party complaining thereof, his
writ of error will be dismissed."    *Zorn* v. *Lamar,* 71 *Ga.* 80.    The
facts of that case were as follows:    An equity cause against two
joint defendants was referred to a master in chancery, and, on
exceptions to his report, was dismissed as to one of the defendants.
The defendants consented to a dismissal of the case as to the re-
maining defendant.    The court held that the consent judgment
dismissing the case was a voluntary judgment, from which a bill
of exceptions would not lie.    It has several times been ruled that
a bill of exceptions will not lie to a voluntary nonsuit.    *Jones* v.
*Mobile & Girard Railroad,* 64 *Ga.* 446; *Proctor & Gamble Co.* v.
*Blakely Oil Co.,* 128 *Ga.* 606 (57 S. E. 879), and cases cited.    In
the *Jones* case the judgment of nonsuit was as follows:    "At this
term of the court comes the said plaintiff and takes a nonsuit of

said case without prejudice, and with leave to except to any errors;" and it was held that even this reservation did not alter the principle that a writ of error would not lie to a voluntary nonsuit. The judgment complained of in this case affirmatively discloses that the motion for new trial was overruled with the consent of the movant. The plaintiff having consented that the judgment complained of should be rendered against him, a bill of exceptions will not lie to review the propriety and correctness of that judgment. *Writ of error dismissed. All the Justices concur.*