## MIXON *et al.* v. SUMNER.

No. 16667. JUNE 13, 1949. REHEARING DENIED JULY 14, 1949.

580

John Henry Poole, for plaintiffs.

J. P. Knight and Jack Knight, for defendant.

CANDLER, Justice. (After stating the foregoing facts.) "In all cases where two or more persons are common owners of lands and tenements, whether by descent, purchase, or otherwise, and no provision is made by will or otherwise as to how such lands and tenements shall be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated . . for a writ of partition, which application shall be by petition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein." Code, § 85-1504. It will be conceded, of course, that if the allegations of the petition in the instant case are sufficient to show that the plaintiffs are common owners with the defendant of the described land they would be entitled under the provisions of the above section of the Code to apply for partition and to have an accounting for the rents and profits, and for the value of the timber cut and removed therefrom by the defendant.

The defendant in error contends that the trial judge properly sustained the defendant's general demurrer because the allegations of the petition as amended are not sufficient to show that the plaintiffs have any interest in the lands sought to be parti-

tioned, and consequently no right to an accounting. We agree that the allegations of the amended petition are not sufficient to show that Mrs. Watson, the mother of the plaintiffs, acquired any interest in the subject lands by the payment of her deceased husband's debts *(Bickerstaff* v. *Ellis,* 204 *Ga.* 734, 51 S. E. 2d, 821); but otherwise we do not concur. It was settled by this court in *Walden* v. *Walden,* 191 *Ga.* 182, 192 (12 S. E. 2d, 345), that, when all of the beneficiaries of a year's support cease to exist as such, any unconsumed portion of the property set apart belongs to them or their heirs at law in common. Applying this rule in the instant case, the allegations of the amended petition, admitted to be true for purposes of the demurrer, show that, upon the death of Mrs. Mixon, formerly Mrs. Watson, the plaintiffs, as two of her seven heirs at law, took by inheritance an undivided one-seventh interest each in her undivided one-fifth interest in the lands set apart to her and her four minor children as a year's support. Accordingly, the allegations of the amended petition show that the plaintiffs are joint owners with the defendant in the lands sought to be partitioned, and it was error to dismiss their petition on demurrer.

*Judgment reversed. All the Justices concur.*