ELIZABETH E. ENNIS, by guardian, *v.* H. J. ENNIS *et al.*
H. J. ENNIS *et al. v.* LUTHER D. ENNIS *et al.*

Nos. 17339, 17363. February 13, 1951. Rehearing denied March 14, 1951.

*E. T. Averett,* for Elizabeth Ennis.

*J. D. Godfrey* and *Casey Thigpen,* for H. J. Ennis *et al.*

*Erwin Sibley* and *W. C. McMillan,* for Luther Ennis *et al.*

CANDLER, Justice.    E. A. Ennis, a resident of Washington County, Georgia, died intestate on January 11, 1926.    He was survived by his wife, Mrs. Emma Ennis, and sixteen children. At the time of his death, three of his children, namely, H. J. Ennis, Ina Ennis (now Mrs. Ina Mickler), and E. Kenneth Ennis were unmarried minors, residing with their parents.    On January 14, 1926, Mrs. Ennis, as the widow of E. A. Ennis, filed an application with the Ordinary of Washington County for a year's support out of the estate of her deceased husband for the benefit of herself and her "two minor children," who were not named therein.    At that time, she had three unmarried minor children who resided with her as members of the family.    On the same day, the ordinary appointed appraisers and empowered them to set apart and assign to Mrs. Ennis and her two minor children, out of the estate of E. A. Ennis, a sum necessary for their support and maintenance for a period of twelve months from the date of the decedent's death; and also a sufficient amount of household furniture for the use of said widow and her two minor children.    On the following day, the appraisers made a return showing that they had set apart, as being necessary for the support and maintenance of said widow and children, certain articles of household furniture and, in addition thereto, the sum of $1000, which the widow had selected to take as follows:    "Three hundred and eighty-eight (388) acres land in 99 District valued at one thousand dollars as per plat attached."    The order for citation recited that Mrs. Ennis had made an application for a year's support, no reference being made therein to minor children, and notice of the proceeding was published accordingly.    J. B. Colt Company, a creditor of E. A. Ennis, filed a caveat to the return, alleging that the amount set apart to Mrs. Ennis and her two minor children was excessive.    On August 2, 1926, the ordinary approved the return, subject to the claim of the caveator, and passed an order that it be so recorded.    Mrs. Ennis paid the indebtedness due

J. B. Colt Company in full. After the appraisers filed their return, but before it was approved and recorded, and on March 13, 1926, H. J. Ennis reached his majority. The widow, Mrs. Emma Ennis, resided on the 388-acre tract here involved and was in possession of it continuously until her death on April 4, 1945. She died intestate in Washington County, and there has been no administration on her estate. E. Kenneth Ennis, the youngest child of E. A. and Emma Ennis, disappeared during May, 1936, and has not been heard from since by anyone. His wife divorced him on September 29, 1941, and has since remarried. They had one child, Elizabeth Emeline Ennis, now 14 years of age. E. C. May filed an application in the Court of Ordinary of Washington County for permanent letters of administration on the estate of E. Kenneth Ennis, alleging that he had died on or about May 15, 1943. Some of his brothers and sisters filed a caveat to the application, and it has not been disposed of. After the death of Mrs. Emma Ennis, widow of E. A. Ennis, H. J. Ennis purchased the undivided interest of his brother, M. C. Ennis, in her estate, which is described in the deed therefor as being a 1/16th part of the 1/4th interest which she took in the 388 acres set apart to her and the three minor children of E. A. Ennis as a year's support, and as described by a plat which is recorded with and as a part of that proceeding in Year's Support Book "B", at pages 302 and 303, in the office of the Ordinary of Washington County. He likewise purchased from his sister, Mrs. Ina Ennis Mickler, the undivided 1/4th interest which she took as a beneficiary under the year's support proceeding of 1926; and, also, her undivided 1/16th interest of the 1/4th interest which her mother, Mrs. Emma Ennis, took under the year's support proceeding.

On October 17, 1949, Luther D. Ennis and several other named persons, as children and grandchildren of E. A. Ennis and Mrs. Emma Ennis, filed in the Superior Court of Washington County, a suit for equitable partitionment against H. J. Ennis, Mrs. Ina Ennis Mickler, and E. Kenneth Ennis. The petition alleged that the plaintiffs and the defendants were the children and grandchildren of E. A. Ennis, deceased, and, as such, his sole and only heirs at law. Subsequently, E. C. May and T. J. Swint Jr., as Ordinary of Washington County, were

made parties defendant. The petition alleged that there had been no administration on the estate of E. A. Ennis, and that the plaintiffs and the defendants, H. J. Ennis, Ina Ennis Mickler, and E. Kenneth Ennis, now own as cotenants all of the real estate left by him, which is fully described as a tract of 388 acres in Washington County. It was further alleged: that the fifteen living children of E. A. Ennis each own an undivided 1/16th interest in the land left by him, and that the six children of Mrs. Lula Ennis Giles, deceased, who are the grandchildren of E. A. Ennis, jointly own the remaining 1/16th interest thereof; that the property, since it can not be equally divided in kind between the several owners thereof, should be sold for partitionment purposes by commissioners to be named by the court; and that the proceeds derived therefrom should be divided between the parties according to their respective interests. It was further alleged that the year's support proceeding, which was instituted by their mother, Mrs. Emma Ennis, in 1926, did not divest the estate of E. A. Ennis of its title to the land here involved, because the appraisers, who attempted to set it aside as a year's support, were not sworn as required by law, and because the description of the land purportedly set aside thereby was not sufficient to identify it with the required degree of certainty; and, in that connection, it was alleged that no plat describing the property was attached to the return of the appraisers, as the recorded proceeding indicates.

Mrs. Louise Ennis Newman, the mother of Elizabeth Emeline Ennis, and as her guardian ad litem, intervened and, in response to the petition, said that her daughter and ward was the sole and only heir at law of E. Kenneth Ennis, deceased, who, at the time of his death, owned an undivided 1/3rd interest in all of the property set apart as a year's support to Mrs. Emma Ennis and her two minor children from the estate of E. A. Ennis. She denied that the year's support proceeding was void for any reason alleged. She further alleged that her daughter and ward was also entitled to an undivided 1/16th of the 1/3rd interest which Mrs. Emma Ennis took under the year's support proceeding. She prayed that E. Kenneth Ennis, as a missing person for more than seven years, be declared dead, and that it be decreed that her ward, Elizabeth Emeline Ennis, is his sole

and only heir at law, and therefore entitled to take all of his interest in the property in question, both as a beneficiary under the year's support proceeding and as as an heir at law of Emma Ennis, his mother.

H. J. Ennis, in responding to the petition, said that he was an unmarried minor son of E. A. Ennis, residing at home as a member of the family at the time of his father's death and at the time his mother applied for a year's support from his father's estate; and that as such he took as one of the four beneficiaries under the year's support, which was set apart in 1926 for the benefit of the widow and the minor children of his father. He also alleged that he was entitled to a 1/16th interest of the 1/4th interest which his mother took under the year's support proceeding, and that he was also entitled to have the interests which he had purchased from his sister, Mrs. Ina Mickler, and his brother, M. C. Ennis. He also denied that the year's support proceeding was void for any reason alleged; and prayed that his interest in the lands in question be established by a proper decree.

The parties stipulated that the land involved could not be partitioned in kind, and that a sale of it for that purpose was necessary. The evidence showed without any dispute that the appraisers, who acted and made a return in the year's support proceeding as instituted by Mrs. Emma Ennis, the widow of E. A. Ennis, were duly sworn. A certified copy of the year's support proceeding, including a copy of a surveyor's plat of the property in question, as it appears of record in the office of the Ordinary of Washington County, was placed in evidence without objection. The parties agreed that there was no issue of fact for the jury to settle; that the legality of the year's support proceeding was the only question left in the case for determination; and that its validity or invalidity presented questions of law and not of fact. At the conclusion of the evidence, the parties separately moved for a directed verdict in their, her and his respective favor, and by direction of the court the following verdict was returned: "We, the jury, find that a sale is necessary to partition the property described in the petition. We further find that the said property should be divided into sixteen (16) equal parts and the proceeds of said sale should be

divided accordingly, and that E. Kenneth Ennis is dead as a missing person and his daughter, Elizabeth Emeline Ennis, takes his part."

Elizabeth Emeline Ennis, through her guardian ad litem, filed a motion for new trial on the usual general grounds only. The motion was later overruled, she excepted, and her bill of exceptions appears as case number 17339 in this court.

H. J. Ennis, Mrs. Ina Ennis Mickler, and M. C. Ennis made and filed their separate motion for new trial on the usual general grounds only. To a judgment overruling their motion they excepted and assigned said final judgment as error "of both law and fact, contrary to law, and say that the court should have granted a new trial, as prayed for, upon each and every ground of the motion for new trial, and the refusal of the court to grant a new trial was error and contrary to law. Plaintiffs in error assign specific error as follows: (a) Court should have directed a verdict for defendants, H. J. Ennis, Mrs. Ina Ennis Mickler, and M. C. Ennis instead of the plaintiffs, as the evidence demanded a verdict in favor of defendants, H. J. Ennis, et al.; (b) that court, by directing a verdict for the plaintiffs, set aside the year's support granted by the court of ordinary to H. J. Ennis et al., when the evidence demanded a verdict that said year's support was valid; (c) that said H. J. Ennis, Mrs. Ina Ennis Mickler, and E. Kenneth Ennis were minors when their father died, and minors when the application for the year's support was made, and all of the proceedings had, except final judgment of the ordinary, and that said H. J. Ennis became 21 years of age before said final judgment of ordinary, final judgment of ordinary having been delayed on account of a caveat being filed to said year's support proceeding by a creditor; (d) said year's support proceeding was not void because said minors were not named in the proceedings, and not void because it was stated therein that there were two minors, when as a matter of fact there were three minors, and not void for any other reason, and the court erred in holding that said year's support proceedings were void and setting it aside and directing a verdict in favor of the plaintiffs and directing that said property be divided into sixteen equal parts." The bill of exceptions thereto appears as case number 17363 in this court.

On the call of the cases here, the defendants in error moved to dismiss the writs of error, on the ground that the questions presented for decision had become moot, since no supersedeas was obtained and subsequently to the docketing of the cases in the Supreme Court a public sale of the land sought to be partitioned had been consummated in accordance with the verdict and decree.

■ The motions to dismiss the writs of errors are not well taken. When a case is brought to this court for review, and no supersedeas is obtained, as here, the opposite party may proceed to enforce the judgment complained of, but he does so at his peril. *Taylor* v. *Holland,* 20 *Ga.* 11, 14; *Perkins* v. *Rowland,* 69 *Ga.* 661; *Cummings* v. *Clegg,* 82 *Ga.* 766 (9 S. E. 1042). But a writ of error will not be dismissed by this court where the judgment complained of has been enforced merely because of the complaining party's failure to supersede it. In such a case the questions presented by the writ of error for decision are not moot. Furthermore, it appears from the record in this case that all of the parties consented in writing to a sale of the property involved with the understanding that their respective claims to it would be divested thereby and attach to the proceeds. Accordingly, the motions to dismiss are denied.

■ It is urged that—because the defendants in the court below acquiesced in the portions of the directed verdict finding for partitionment of the lands by sale and that the minor Elizabeth Emeline Ennis is entitled to take the share of her father, established to be dead as a missing person—a writ of error will not lie upon an exception to the judgment overruling a motion for new trial based on the general grounds. While it is true that a writ of error will not lie to a judgment overruling a motion for a new trial, if rendered by consent of the complaining party (*Portsmouth Cotton Oil Corp.* v. *Cumming Oil & Fertilizer Co.,* 145 *Ga.* 159, 88 S. E. 940), yet a party will not be precluded from attacking an adverse part of a judgment where it does not appear from the record, or any natural inference therefrom, that he either procured or aided in causing such adverse ruling. *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360). And the mere fact that opposite parties at the trial moved for directed verdicts in their favor, without more, does not amount to a con-

sent that the case should be disposed of by the direction of a verdict for one side or the other. *Roberts* v. *Wilson*, 198 *Ga.* 328, 437 (31 S. E. 2d, 707); *Broadhurst* v. *Hill*, 137 *Ga.* 833, 841 (74 S. E. 422). A motion for new trial on the general grounds is sufficient to reach the verdict as a whole, if the evidence demanded a contrary finding as to a part thereof. *Cantrell* v. *Byars*, 66 *Ga. App.* 672 (19 S. E. 2d, 44). Under the foregoing principles, the contention that the writs of error will not lie is without merit.

■ Another question in the case is the sufficiency of the description of the land claimed to have been set apart to the widow of E. A. Ennis as a year's support. It is argued that the judgment setting aside a year's support to Mrs. Ennis in 1926 is void, because the appraisers' return did not describe any property with the required degree of certainty. Since the judgment setting apart a year's support to Mrs. Ennis is, in effect, a conveyance to her of the interest of her deceased husband in the property, the description of the property set apart must necessarily be such as to render it capable of identification; and if the description is so vague and indefinite, as the plaintiffs contend, that the property can not be identified, the title of the estate was not divested by the judgment setting apart to her a year's support. *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E. 655); *Hawes* v. *Elam*, 131 *Ga.* 323 (62 S. E. 227). We agree that "Three hundred and eighty-eight (388) acres land in 99 District valued at one thousand dollars" is wholly insufficient to identify any particular land, but the return further states that the land intended to be set apart is described "as per plat hereto attached," and the plaintiffs' contention that no plat was in fact actually attached thereto is not supported by the record. A certified copy of a recorded surveyor's plat of the E. A. Ennis estate consisting of 388 acres of land was introduced in evidence without objection, and T. J. Swint Jr., the Ordinary of Washington County, testified that it was recorded in his office as ordinary between the 2nd and the 7th of August, 1926, in Year's Support Book "B" at pages 202 and 203, which was the first double page in that book following the record of the proceedings taken in Mrs. Emma Ennis's application for a year's support, which was recorded on page 300

of the same book. We disagree with the contention of counsel for the plaintiffs that the plat, under the facts disclosed by this record, can not be looked to as an aid to the description of the property which the appraisers intended to set apart to the applicant as a year's support; and, having done so, we are fully convinced that the appraisers' return, as aided by the plat, fully and sufficiently describes the property here involved. In fact, no serious contention is here made that the return fails to describe the property with the required degree of certainty if the plat can be looked to for aid in that respect. *Wall* v. *Griffith*, 193 *Ga.* 11 (17 S. E. 2d, 57), is very similar on its facts to the present case. In that case, the appraisers set apart as a year's support "54 acres of land lot No. 82, 3d, Dist, 5th Section, the value thereof $400.00." Ten days after the return was filed, a plat made by the county surveyor was filed with the ordinary, attached to the proceedings, and entered of record. Respecting the sufficiency of the return, this court there said: "We disagree with them [counsel for the plaintiffs], however, in their contention that the map or plat, under the facts shown in the record, can not be looked to as aid to the description. That it was not filed at the time of that part of the report which was signed by all the appraisers was at most a mere irregularity. The record does not disclose that any right was acquired by the plaintiff, or by anyone under whom he claims, which would be injuriously affected by the delay of ten days in the filing of the plat." The judgment setting apart a year's support to Mrs. Ennis was not void for lack of a proper description of the property assigned.

But it is also contended that, if the year's support proceedings are otherwise valid and sufficient to assign the lands, the widow alone took title thereunder. It is argued that no title vested in any of the minors because of these facts in the record: There were three minor children at the time of the application for a year's support and the appraisers' report; and, although one of them became twenty-one years of age before the approval of the return by judgment of the ordinary—it having been delayed because of a caveat filed by a creditor—the application and judgment recited the named widow and two minor children as the beneficiaries, and the published citation

referred to the named widow without mentioning any particular minor child. The right to a year's support vests in the surviving wife and the minor children of the decedent at the time of his death. Code, § 113-1002. In *Farmers Bank of Tifton* v. *Williams*, 188 *Ga.* 789 (5 S. E. 2d, 195), it was held that the minor children took a beneficial interest in the property set apart under a year's support proceeding in which a named "widow and _____ minor children" were designated in various portions of the proceeding; and *Anderson* v. *Walker*, 114 *Ga.* 505, 507 (40 S. E. 705), holding that "one who is not mentioned in an application for a year's support, either by name or description, can take no beneficial interest in the result of the proceedings had thereunder," was distinguished upon the reasoning that, while one who is not mentioned in a year's support, either by name or description, can take no beneficial interest thereunder, it is not necessary that the names or number of the minor children appear in the proceeding for them to take an interest in the property set apart. Further, in *Farmers Bank of Tifton* v. *Williams*, supra, it was said: "The statute [Code 1933, § 113-1002 et seq.] has for its purpose the joint support and maintenance of the widow and minor children. *Rakestraw* v. *Rakestraw*, 70 *Ga.* 806, 808; *Cheney* v. *Cheney*, 73 *Ga.* 66, 70. It is based on considerations of public policy; and as the provisions of the statutes in reference thereto are to be construed in favor of the beneficiaries entitled to support (*Grant* v. *Sosebee*, 169 *Ga.* 658, 151 S. E. 336), we are of the opinion that proceedings thereunder are to be construed in favor of the intended beneficiaries of the law. The rules of pleading applicable to ordinary actions are not to be strictly applied in reference thereto." Mere irregularities, such as the number of minors being mistakenly stated in other portions of the proceedings, could not have the effect of vitiating the return of the appraisers in the year's support proceeding. *Bridges* v. *Brady*, 158 *Ga.* 886 (2) (124 S. E. 699). By our law, a provision for the support of the family of the decedent is classed as one of the necessary expenses of administration; and the provision is made for a class as a whole, and not for the benefit of one or some of that class. The statute expressly states that the year's support for the family—that is, the widow and minor

children—may be set aside on the application of the widow. Therefore, when it is set aside, the provision so made inures to the benefit of the class named in the statute. Accordingly, the law and the uncontroverted evidence demanded a finding that the widow and her three children, who were unmarried minors and members of the family at the time of their father's death, were vested with an undivided one-fourth interest each in the lands set apart under the year's support. And the interest which minors take under a year's support is not divested upon reaching majority; and after the widow's death such children are entitled to their proportionate interest in the unconsumed property. *Walden* v. *Walden,* 191 *Ga.* 182 (2) (12 S. E. 2d, 345). And the proportionate interest of the widow under the year's support—being one-fourth in the instant case—goes to her heirs at law upon her death intestate. *Mixon* v. *Sumner,* 205 *Ga.* 579 (54 S. E. 2d, 411). Since the directed verdict is not in accord with the above ruling, in so far as a portion of it directed a division into sixteen equal parts, the judgment of the court below is reversed with direction to modify the verdict and decree so as to make it conform to this opinion and decision.

*Judgment reversed with direction in both cases. All the Justices concur.*