20331. CLAXTON *et al*. v. CLAXTON *et al*.

CANDLER, Justice. A petition, which Mrs. Marie H. Claxton and

Royce Claxton filed on February 23, 1957, in the Superior Court of Johnson County against Cecil Claxton and Mrs. Nandell Claxton, alleges: J. C. Claxton died on February 17, 1951. The plaintiffs, as his widow and minor son, applied for a year's support from his estate, and on April 2, 1951, the Johnson County Court of Ordinary set apart to them for such support three tracts of land aggregating 499 acres, more or less. On January 9, 1957, and by a general warranty deed, the plaintiff Mrs. Marie H. Claxton conveyed all of those lands to the defendant Mrs. Nandell Claxton. Her deed also conveyed to the grantee a described tract of 20 acres, more or less, which she owned individually and which she had acquired by purchase. The petition also alleges: that the plaintiff Mrs. Claxton is the mother and the mother-in-law of the defendants; that she did not have sufficient mental capacity to contract when the sale and conveyance was made to the defendant Mrs. Claxton; that the defendant Cecil Claxton falsely misrepresented to her the value of the property she conveyed; and that by "fraud, trickery, and deceit" the defendant Cecil Claxton caused her to execute the aforementioned warranty deed; that the purchase price which the plaintiff Mrs. Claxton agreed to and did accept for a fee-simple interest in all of the land embraced in her deed was $12,000; that such land was at the time of her sale and conveyance reasonably worth $30,000; and that $8,500 is all that the defendants have invested in the property since $3,500 of the $12,000 paid to her was obtained by the defendant Cecil Claxton from a sale of timber on the lands prior to the date of the deed to the defendant Mrs. Claxton. It is also alleged: that the plaintiff Royce Claxton, by the aforementioned year's support proceeding, acquired an undivided one-half interest in the lands which were set apart as a year's support from the estate of his father J. C. Claxton; that a sale of those lands and his interest therein was made by the plaintiff Mrs. Marie H. Claxton to the defendant Mrs. Nandell Claxton without his knowledge or consent; that he was not a party in any way to such sale; and that he received no part of the purchase money, and the record shows that there was no approval of her sale by the Ordinary of Johnson County, as required by law. Besides for rule nisi, process, and service, the prayers of the petition are: (1) that the defendants be restrained and permanently enjoined from selling or otherwise disposing of

the lands involved or any of the timber thereon; (2) that the defendants be required to render an accounting to them for the rents and profits received from the property; (3) that the deed which the plaintiff Mrs. Claxton executed and delivered to the defendant Mrs. Claxton be declared void and canceled of record; and (4) that the plaintiffs be granted any other relief which the court deems meet and proper under the circumstances of the case. By their answer and cross-action, the defendants allege: that the property was purchased in good faith from the plaintiff Mrs. Claxton for $12,000; that the defendant Cecil Claxton paid her $11,100 in cash for it and assumed payment of $900 as the balance due on a loan from Federal Land Bank; that, pursuant to their purchase, they took and now have bona fide possession of the property; that, while the plaintiffs seek to cancel the deed which the defendant Mrs. Claxton has to the property, no repayment or tender of the $11,100 which they paid for it has been made to them or to either of them. Their cross-action also alleges: that they had since their purchase of the property, and since they took bona fide possession of it, placed permanent improvements on it in good faith, which cost them $3,604.94; and that they paid the taxes and insurance due on it for 1957, amounting to $100. As to the plaintiff Mrs. Claxton, they prayed that, if her deed to the defendant Mrs. Claxton should be declared void, they recover a judgment against her for the full amount of the purchase price paid her and also the amount which they expended for permanent improvements, taxes, and insurance. As to the plaintiff Royce Claxton, they prayed that, if it should be found by the jury that the deed from the plaintiff Mrs. Claxton conveyed only an undivided one-half interest therein, and that he was the owner of the other undivided half, they recover a judgment against him for an amount equal to one-half the cost of such permanent improvements, taxes, and insurance. Further amending their cross-action, they allege: that the plaintiff Mrs. Claxton by her deed covenanted that she had fee-simple title to all of the property described therein, and that she would as to her grantee, and those claiming under her, warrant and defend the title conveyed thereby against the claims of all persons whomsoever; that she has by her petition admitted that she had title to only an undivided one-half interest in the property so conveyed; that her deed conveyed to the defendant Mrs.

Claxton only an undivided one-half interest in the three tracts; and that she had by such allegation admitted a breach of the covenant of warranty contained in her deed. And there is a prayer that the defendants recover a judgment against her for an amount equal to half of the consideration paid for the land plus lawful interest from the date of her deed, as damages for a breach of such covenant. On the trial, no evidence was offered in support of the allegations that the plaintiff Mrs. Claxton lacked mental capacity to contract when the deed in question was executed by her or that it was executed by her in consequence of any fraud practiced upon her by the defendants or either of them. As to these contentions, the plaintiffs in open court expressly abandoned their position respecting them, and the court granted a nonsuit as to the plaintiff Mrs. Claxton, and there is no exception to that judgment. By direction of the court, the jury found that the plaintiff Royce Claxton was the owner of an undivided one-half interest in the lands which had been set apart as a year's support to him and his mother from the estate of J. C. Claxton, their deceased father and husband; that the defendant Mrs. Claxton was the owner of the other undivided one-half interest in the same lands; and that the defendant Mrs. Claxton was the exclusive or sole owner of the 20-acre tract which the plaintiff Mrs. Claxton had conveyed to her. On the usual general grounds, the defendants moved for a new trial, and later amended their motion by adding other grounds. The exception is to a judgment denying their amended motion. *Held:*

1. There is no merit in the contention that the court erred in directing a verdict in favor of the plaintiff Royce Claxton for an undivided one-half interest in all of those lands which were set apart as a year's support to him and his mother from the estate of J. C. Claxton. By that proceeding, the plaintiff Royce Claxton acquired an undivided one-half interest in the property so set apart, which was not divested by operation of law when he reached his majority. See *Walden* v. *Walden,* 191 *Ga.* 182 (12 S. E. 2d 345) ; *Mixon* v. *Sumner,* 205 *Ga.* 579 (54 S. E. 2d 411) ; and *Ennis* v. *Ennis,* 207 *Ga.* 665, 675 (63 S. E. 2d 887). And the evidence demanded a finding by the jury that his interest in the land was not divested by the deed which his mother executed and delivered to the defendant Mrs. Claxton, since it was not made pursuant to approval by

the Ordinary of Johnson County, as required by an act which the legislature passed in 1937 (Ga. L. 1937, p. 861; Code, Ann., § 113-1028); *Walden* v. *Walden*, supra; *King* v. *King*, 203 *Ga.* 811 (48 S. E. 2d 465, 2 A.L.R. 2d 1181). Hence, the deed in question was void insofar as it sought to convey the interest in the year's support lands which the plaintiff Royce Claxton owned, and the verdict which the court directed in his favor amounted only to such a finding. Especially applicable to this part of the verdict is the provision of Code § 37-105 which declares that "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." In this connection, see *Myers* v. *Grant*, 212 *Ga.* 677 (95 S. E. 2d 9), and the cases there cited.

2. On the trial of all cases it is the duty of the judge to charge the jury the principles of law applicable to all issues raised by the pleadings and the evidence, even without a request for such an instruction. *Investors Syndicate* v. *Thompson*, 172 *Ga.* 203 (2b) (158 S. E. 20); *Jones* v. *Hogans*, 197 *Ga.* 404 (29 S. E. 2d 568), and the authorities there cited. By their cross-action the defendants alleged that the defendant Mrs. Claxton purchased the lands here involved from the plaintiff Mrs. Marie H. Claxton; that they took bona fide possession of them and in good faith placed permanent improvements on them which cost $3,604.94; and that they are entitled to a judgment against the plaintiff Royce Claxton for one-half of the amount so expended by them if a jury should find that he is the owner of an undivided one-half interest in the property so improved by them, less one-half of the mesne profits they had received from such lands. And in cases having the character of this one, the Code, § 33-107, provides that the defendant, where he has bona fide possession of the land involved under a claim of title adverse to the one asserted by the plaintiff, may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title to the land is found to be in the plaintiff, if the value of such improvements at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the

excess of the value of the improvements over the mesne profits. In *Burden* v. *Gates,* 188 *Ga.* 284 (3 S. E. 2d 679), it was unanimously held: "In this suit against the purchaser at a sheriff's sale and his transferee, praying for cancellation of their deeds, under the plea and testimony for the defendants as to the value of alleged bona fide improvements made on the land in question, it was error to direct a verdict for the plaintiff without submitting to the jury the question of recovery by the defendant purchaser for such improvements, under the rules of the Code, § 33-107 et seq." And in *Walton* v. *Sikes,* 165 *Ga.* 422 (14) (141 S. E. 188), it was likewise unanimously held that it was error to refuse a request to instruct the jury as follows: "The fact that the plaintiff may have had a title deed of record at the time defendant took possession of the lot does not necessarily show lack of good faith on the part of the defendant." In *Moate* v. *Rives,* 146 *Ga.* 425 (3) (91 S. E. 420), where the defendant sought to set off the value of permanent improvements against the true owner of the land, this court by a full-bench decision held: "One may be the possessor of land in good faith, though aware of an opposing claim (where such knowledge would not of itself impute bad faith), if he enters in full confidence of his title or the title of one under whom he immediately claims; but his knowledge of an opposing claim of title is a circumstance to be considered by the jury in determining his good faith." The payment of a valuable consideration for land raises a presumption that it was purchased in good faith. *Harper* v. *Durden,* 177 *Ga.* 216, 221 (170 S. E. 45, 89 R.L.R. 625). In the instant case, and in support of the allegations of their cross-action, the defendants introduced evidence which would have authorized the jury to find that they purchased the property involved from the plaintiff Mrs. Marie H. Claxton for a valuable consideration after she had been advised by a named attorney that she had a right to sell and convey an absolute title to the entire interest therein; that the defendants purchased it from the plaintiff Mrs. Claxton, who then had actual and exclusive possession of it, believing that they were getting fee-simple title to all of it; and that they, after acquiring title to it and taking actual possession of it, made permanent improvements thereon in good faith, which cost them $3,604.94. In these circumstances and without any written request therefor, we hold that the trial judge should have charged the jury

on the provisions of Code § 33-107 respecting the defendants' right to recover for such permanent improvements, though there was evidence to the contrary which the plaintiffs introduced.

3. The deed which the plaintiff Mrs. Marie H. Claxton executed and delivered on January 9, 1957, to the defendant Mrs. Nandell Claxton contained a covenant of general warranty as to title for the entire interest in the lands embraced therein; and such warranty was against the claims of all persons whomsoever. The defendants by their cross-action allege that there had been a breach of the covenant as to an un-. divided one-half interest in 499 acres, more or less, of the lands, or as to those lands which had been set apart as a year's support from the estate of J. C. Claxton to Mrs. Marie H. Claxton and her son Royce Claxton on April 2, 1951, in the Johnson County Court of Ordinary, and they prayed for a judgment against the plaintiff Mrs. Claxton for the damages allowed by Code § 20-1412 for such breach. The allegations of the plaintiffs' petition, which are solemn admissions in judicio by each of them, affirmatively show a breach of the covenant of warranty contained in the plaintiff Mrs. Claxton's deed as to an undivided one-half interest in that part of the property conveyed thereby which had been set apart as a year's support to her and the plaintiff Royce Claxton, and the measure of damages prescribed by Code § 20-1412 for such a breach is the purchase money paid for that part of the property which is lost with lawful interest thereon from the time of sale, "unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable set-off should be allowed. If valuable improvements have been made, the interest should be allowed." Since this issue was properly raised by the defendants' cross-action, the evidence, and the plaintiffs' admissions in judicio, we think and hold that the trial judge erred in failing to submit it to the jury for determination.

4. For the reasons stated in divisions 2 and 3 of this opinion, the amended motion for a new trial should have been granted.

*Judgment reversed. All the Justices concur.*

Argued January 14, 1959—Decided February 9, 1959.

722

*Nelson & Nelson, Carl K. Nelson, Jr.,* for plaintiffs in error.
*B. B. Hayes, Joe W. Rowland, E. L. Stephens, Jr.,* contra.