24991. BARBER, Executrix, et al. v. DUNN et al.

Argued January 13, 1969—Decided February 6, 1969—
Rehearing denied February 20, 1969.

*Hicks & Robertson, Claud M. Hicks, W. R. Robertson, III,* for appellants.

*William H. Burke, J. Milton Grubbs, Jr., Juanita G. Martin,* for appellees.

Almand, Presiding Justice. The complaint in this case was brought by Hiram W. Dunn and Elnor Dunn Brown, son and granddaughter of James T. Dunn and Annie F. Dunn, both deceased. It was filed against Mary Dunn Barber, both as the executrix of the will of Mrs. W. B. Annice Roberts (formerly Mrs. Annie F. Dunn), and individually, as a daughter of the said deceased parties, and another. The plaintiffs prayed that their interest in certain real and personal property of the estate of Mrs. W. B. Annice Roberts be determined, a receiver be appointed, the real estate be sold, and the proceeds be distributed to the parties entitled to the same.

In November 1965, the defendants filed their demurrers, answer and a plea of laches and the statute of limitation.

Both parties filed motions for a summary judgment. At a hearing, the case was submitted to the court upon the pleadings, the motions for summary judgment, and the affidavits in support thereof, for a final determination by the court without the intervention of a jury.

On the hearing of these matters, the evidence established the following facts without dispute. James T. Dunn died on July 13, 1916, leaving his widow, Annie F. Dunn, and four children,

two married and two (Hiram W. Dunn and Melvel B. Dunn) minors. On the application of the widow to the Cobb County Court of Ordinary for a year's support for herself and the minor children, a return was filed by the appraisers. They set aside for the support of her and the minor children the sum of $550, and, "Lot of land #82 containing 38 acres, East half of Lot #81 containing 20 acres, West half of Lot #151 containing 20 acres. We find that she holds a bond for title for the above land we give her the equity and the right of redemption in the above land." The returns of the appraisers were filed in the court of ordinary on October 9, 1916. On November 23, 1912, one Nathan Lee had executed a bond for title to James T. Dunn binding himself, upon the performance of the conditions, to convey to Dunn fee-simple title to the following lands: "Thirty-eight acres of land lot no. eighty-two (82). All of the lot except two acres off the southwest corner which was previously deeded to A. B. Seay and twenty (20) acres of land lot number one hundred fifty-one (151), the east half of said lot and twenty (20) acres of land lot number one hundred fifty-two (152), the west half of said lot. All of said lands being in the 18th district and second section of Cobb County, Georgia." On November 7, 1916, Martha Lee, as executrix of the estate of Nathan Lee, executed a deed to Annie F. Dunn which recited: "that whereas said Nathan Lee in his lifetime, bound himself to make title to seventy-eight (78) acres of land as follows: thirty-eight acres of land lot No. eighty-two, being all of the said lot except two acres off of the southwest corner, which was formerly deeded to A. B. Seay, and twenty acres being the east half of lot No. one hundred and fifty-one (151) and the west half of lot No. one hundred and fifty-two (152), all of said land being in the eighteenth district and the 2nd Section of Cobb County, Ga., . . . and whereas said Annie F. Dunn, as holder of said bond has fully performed the conditions on which the said Nathan Lee was to make a title, . . ." At the time the year's support was set aside, Melvel B. Dunn and Hiram W. Dunn were minors and unmarried. Subsequently, Melvel B. Dunn and his wife died leaving Elnor Dunn Brown, one of the plaintiffs, as their sole heir. Subsequent to the

award, Annie F. Dunn remarried, and was thereafter known as Mrs. W. B. Annice Roberts. From time to time, she sold off parcels of the land for the support of herself and the minor children. At the time of the death of Annie F. Dunn (Roberts) there remained unconsumed a portion of the property set aside as a year's support for herself and the minor children. Mrs. Dunn died testate leaving all of her property, including the unconsumed portion of the year's support to the defendant, Mary Dunn Barber.

At the conclusion of the hearing, the court granted the plaintiff's motion for a summary judgment and denied a similar motion by the defendant. A direct appeal to the order denying the motion was allowed.

■ The court, in its consideration of the case, decided the issues as raised by the petition, answer, demurrers and special plea of laches. The court treated the demurrers as a motion to dismiss and expressly denied the motion. In these demurrers, the defendant asserted that (a) the alleged year's support was void for the want of a sufficient legal description of the real estate subject to be set aside, and (b) that the plaintiffs were guilty of laches in maintaining this action, and that the complaint was barred by the statute of limitation.

(a) *Description of land in the year's support award.* Though the description does not identify the land by county or district, the application for year's support recites that the applicant's husband died a resident of Cobb County. *Whitfield v. Maddox,* 189 Ga. 870 (8 SE2d 57). The award of the appraisers after describing the land set aside to the widow recites: "We find that she holds a bond for title for the above land and we give her the equity and right of redemption in the above land." This recitation furnishes a key by which the land might be identified. That which was uncertain was thereby made certain by a reference to the bond for title from Nathan Lee to the deceased husband, and the deed from the executrix of Lee's estate to the widow described the same lands as were in the bond for title, namely, ". . . the eighteenth district and the 2nd section of Cobb County, Ga." This extraneous evidence was in conformity and applied such description to the subject matter.

*Whitfield v. Maddox,* 189 Ga. 870, supra; *Cannon v. Whiddon,* 194 Ga. 417 (4) (21 SE2d 850). The failure to give the names of the minor children in the year's support award does not render it void. *Sizemore v. Willis,* 130 Ga. 666 (61 SE 536); *Jones v. Federal Land Bank of Columbia,* 189 Ga. 419 (6 SE2d 52).

(b) *Laches and statute of limitation.* Where real and personal property are set aside out of the husband's estate for the support of his widow and minor children, title to such property is vested in the widow and the unmarried minor children. *Code* § 113-1006. The widow during her lifetime has the sole control and management of the property. *Planters Cotton Oil Co. v. McCurley,* 199 Ga. 104 (2) (33 SE2d 270). The interest of a minor child in the estate awarded is not divested upon his reaching majority, and upon the death of his mother, he is entitled to his proportionate interest in such of the property as remains unconsumed. Though the widow, during her lifetime, has the right to sell any and all of the awarded estate after the child reaches his majority (under proper court order) for her support and maintenance, she has no power or right to give the child's part of the unconsumed portion of the estate to another by will. *Walden v. Walden,* 191 Ga. 182 (1, 2) (12 SE2d 345). During the period in which the widow has sole control and management of the year's support property, a child who has an interest in that property would have no right to a partition, even after reaching majority. *Whitt v. Ketchum,* 84 Ga. 128 (10 SE 503); *Roberts v. Dickerson,* 95 Ga. 727 (22 SE 654); *Dowdy v. Dowdy,* 187 Ga. 26 (199 SE 191). The possession of the widow, alone, is not adverse to the child, so as to be the basis for a prescriptive title. The court did not err in overruling the demurrers (motion to strike).

■ The undisputed evidence, as set out above, under the principles of law discussed in Division 1 of this opinion support the judgment of the court granting the motion of the plaintiff for a summary judgment and denying the like motion by the defendant.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*