25712.  BARBER, Executrix, et al. v. DUNN et al.

304

Submitted March 11, 1970—Decided April 9, 1970—
Rehearing denied April 23, 1970.

*W. R. Robertson, III,* for appellants.

*William H. Burke, G. Milton Grubbs, Jr., Juanita G. Martin,* for appellees.

Mobley, Presiding Justice. On a former appearance of this case, the grant of the motion for summary judgment of the plaintiffs, and the denial of the motion for summary judgment of the defendants, were affirmed by this court. See *Barber v. Dunn,* 225 Ga. 134 (166 SE2d 572). After the remittitur of this court was made the judgment of the trial court, a further order was made by the trial judge, and the defendants in the trial court appeal from this order.

The action was by Hiram W. Dunn and Elnor Dunn Brown, the only legal heir of Melvel B. Dunn, against Mary Dunn Barber, individually and as executrix of the will of Mrs. W. B. Annice Roberts (formerly Mrs. Annie F. Dunn), and C. E. Barber, Jr. Some of the allegations of the plaintiffs, which are pertinent to this appeal, are as follows: On the death of James T. Dunn in 1916, certain property was set apart as a year's support to his widow, Mrs. Annie F. Dunn, and their minor children (not named in the order). The two minor children were Hiram W. Dunn and Melvel B. Dunn. Mrs. Roberts sold several parcels of this land during her lifetime, but a described portion of the property remained unconsumed at her death in 1963. One parcel of land was sold to C. E. Barber, Jr., in 1956 for $3,000. This was a credit sale, made without the authority of the ordinary, and the purchase price has not been paid.

The plaintiffs prayed that: a receiver be appointed, that the property be sold, that the receiver be directed to distribute the funds arising from the sale and from other sources to the parties entitled to the funds; that the receiver be empowered to declare the indebtedness of C. E. Barber, Jr., due, and be empowered to collect the indebtedness for equitable distribution to the parties entitled to it; and for other relief.

The defendants' contentions that the year's support proceeding was void, and that Mrs. Roberts (formerly Dunn) had held the property individually under a deed since 1916 and the plaintiffs were barred by the statute of limitation and by laches from bringing the action, were decided adversely to them by the grant of the motion for summary judgment of the plaintiffs.

■ Motion to dismiss has been filed by the plaintiffs (appellees). It is contended that the appeal is not within time because the record was not sent to this court within 20 days. The office of the Clerk of Cobb Superior Court has certified that the delay was not due to any fault on the part of counsel for the defendants, but was due to the stress of business in that office. The appeal will not, therefore, be dismissed because of the delay in transmission of the record.

It is contended that the appeal is premature since the accounting ordered by the court has not been completed, and no final judgment has been entered. The order appealed from enjoined the defendants from interfering in any manner with the plaintiffs' peaceful possession of the property, and is an appealable judgment. Ga. L. 1965, p. 18; Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701).

None of the other contentions as to grounds of dismissal is meritorious.

■ The trial judge in the order now under review ruled: "That upon her death Mrs. W. B. Annice Roberts had no interest in the property set aside on her behalf and the then minor children that was subject to any bequeath or devise by the said Mrs. W. B. Annice Roberts and that said Hiram W. Dunn and Elnor Dunn Brown as the sole heir at law of Melvel B. Dunn, are the sole owners of the unconsumed portion of said property set aside by the said year's support of said widow

■

and minor children as tenants in common, to the exclusion of all others."

This ruling is contrary to the law of this State, and does not follow the prior decision of this court. This court has consistently rejected any contention that the property set aside as a year's support belongs to the last beneficiary who survives, but has held that the widow and minor children to whom the year's support is set apart own the property jointly, subject to the widow's right to consume the property, and each has a share in the unconsumed property which is transferable on death to his or her heirs or legatees. See *Walden v. Walden,* 191 Ga. 182 (12 SE2d 345); *Mixon v. Sumner,* 205 Ga. 579 (54 SE2d 411); *Ennis v. Ennis,* 207 Ga. 665, 673 (63 SE2d 887).

The former decision of this court stated this principle in the following language: "Title to property set aside for the year's support of a widow and minor children is vested in the widow and the unmarried minor children." *Barber v. Dunn,* 225 Ga. 134 (1b), supra. This court held in the former decision that the widow had no right to give a child's portion of the unconsumed property by will. We did not hold that the widow could not give her portion of the unconsumed property by will.

The trial judge erred in holding that Mrs. Roberts could not devise her one-third interest in the unconsumed portion of the year's support property, and that the plaintiffs are the owners of all of this property.

Because of the error made by the trial court in this basic principle governing the rights of the parties, other rulings are also erroneous. It was error to order that the plaintiffs recover the entire property from Mrs. Barber, and all of the rents, increase, and profits therefrom, since Mrs. Barber, as legatee of Mrs. Roberts, was entitled to possession and retention of one-third of the property, and one-third of the profits therefrom. Mrs. Barber has not consented to a division of the property, and it was error to hold that no partitioning is necessary. It was error to enjoin the defendants from interfering in any manner whatever with the plaintiffs' peaceful possession of the property, since Mrs. Barber, one of the defendants, is a tenant in common with the plaintiffs.

■ The trial judge held that a deed made by Mrs. Roberts to C. E. Barber, Jr., on May 5, 1956, was void, and is canceled and annulled. The order stated that the deed was made without authority from the ordinary, that the sale was not made for the purpose of support, and the deed was without consideration.

The widow had a right to sell the property without an order of the Ordinary of Cobb County, since the year's support was set apart many years prior to the Act of 1937 (Ga. L. 1937, p. 861; *Code Ann.* § 113-1025), requiring the ordinary's approval of such sales. See *Turman v. Mabry,* 221 Ga. 153 (143 SE2d 645).

The plaintiffs assert that the affirmance by this court of the grant of summary judgment to them established as the law of the case that the alleged indebtedness had not been paid, and that since Mrs. Roberts did not receive any money, it was not used for her support.

In his answer C. E. Barber, Jr., denied the allegation that he had not paid the alleged price of $3,000, and other allegations in regard to the deed to him, and he also asserted that the alleged inedbtedness was barred by the statute of limitation. No evidence on the factual issues made by this answer was submitted by either party in connection with the motions for summary judgment. The trial court's order reviewed in the prior case did not purport to dispose of the whole case, the court stating that supplemental orders would be necessary. There can be no dispute that the case was not concluded, as the plaintiffs state in their brief in the present case that the matter of the accounting has not been completed.

The opinion of this court on the former appearance (225 Ga. 134, supra) dealt only with questions concerning the right of the plaintiffs to assert an interest in the unconsumed portion of the property set apart as a year's support. No rulings were made by this court concerning the deed made by Mrs. Roberts to C. E. Barber, Jr. The affirmance by this court of the grant of the motion for summary judgment to the plaintiffs is the law of the case only on the issues decided in the former decision of this court. Compare *Grantham Transfer Co. v. Hawes,* 225 Ga. 436 (1) (169 SE2d 290).

The order under review indicates that it was entered on the facts submitted prior to the former decision in this case. The judge, therefore, had no evidence on which to make an adjudication in regard to the contentions of the plaintiffs concerning this deed, and he erred in holding that the deed was void.

The rulings assigned as error by the defendants are erroneous, and as to these rulings the judgment is

*Reversed. All the Justices concur.*