58307. BLACK v. GEORGIA POWER COMPANY.

Deen, Chief Judge.

Black filed an action for damages against the appellee on May 17, 1978, alleging that the utility company, without legal authority, had trespassed on his property, bulldozed the trees over a part of it and is attempting to install a power line. Black sought actual and punitive damages. On June 5, 1978, the public utility filed an eminent domain action seeking to condemn as an easement for power line purposes the strip of land on which they had made entry. On motion of the appellant the cases were consolidated for trial. At the conclusion of the evidence the trial court ruled that he was directing a verdict in favor of the utility on the issue of punitive damages. Following further discussion, the parties agreed on the value of the easement taken as being $1,750, the court entered a consent judgment to that effect, and the jury was discharged, all this contingent on

the landowner's preserving his right of appeal to this court.

1. Additional damages "to deter the wrongdoer from repeating the trespass" may be awarded where there are aggravating circumstances either in the act or in the intention. Code § 105-2002. Gross negligence amounting to that want of care which wilfully disregards the rights of others will support the award. *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (232 SE2d 62) (1977). Whether such damages should be awarded, as well as the amount, is generally a jury question. *Kolodkin v. Griffin,* 87 Ga. App. 725 (5) (75 SE2d 197) (1953). The evidence here is as follows: Black bought the property on August 16, 1977, after a title search. In late September he was alerted to a possible problem and asked his attorney to recheck the title. This was done and the attorney correctly informed him that there was nothing on record against the property. During the last week in December he again became uneasy and checked with his local Georgia Power representative. This man brought in a second employee who eventually brought in a third, and the latter produced an aerial map which appeared to go through Black's property. Meanwhile, in late August, 1977, Black had begun work on the mobile home subdivision for which purpose he bought the property, clearing land, installing water outlets, etc. It appears that the proposed easement would eliminate seven of the mobile homes. On January 17, 1978, he had his attorney notify Georgia Power not to enter again on his property. However, on May 10, 1978, a bulldozer was sent in, and this trespass action was filed a week later. Black testified positively on the trial that at the time he purchased the property he had no knowledge of any easement across it; that he never had any conversation with or even met Lamar, the former owner; that all negotiations were with a real estate agent who never mentioned anything about an easement to him. When the question arose he engaged another attorney to recheck the title; that attorney also ascertained that there was no easement of record and thereafter on January 17, 1978, sent a letter to the public utility by registered mail informing it that at the time the property was purchased in August, 1977, the company

had no easement of record, and Black had no knowledge of any claim to such an easement by the public utility, that the easement (dated shortly prior to the August 16 deed to appellant) was not recorded until October 20, 1977, for some unexplained reason; that all that the appellant was asking at that time was that no further action be taken, and that if the utility wanted to either purchase a new easement or initiate condemnation this should be done through the attorney. Without replying to the letter, the company sent a bulldozer in on appellant's land on May 17, 1978, and the trespass action followed.

The utility's defense to this action is based on testimony given by one Nabors, an employee of the Georgia Power Company in the land department, who swore that "the power company owns the easement and Mr. Black owns the underlying title." Asked why the utility was asserting its unrecorded easement against a subsequent purchaser, Nabors replied that when the letter from Black was received in January, 1978, it was turned over to the company's attorney Everitt, who replied to the utility company that he had investigated the matter by talking with Lamar, seller to Black, and that Lamar had told Everitt, according to the latter, that Black knew about the easement, from which Everitt concluded that the easement, although unrecorded at the time of the purchase, was valid. The letter from Black's attorney was never answered; nobody ever questioned Black to find out whether or not he had known of the easement or bought the property subject to the easement. The above testimony of Nabors was objected to on the trial as hearsay and was admitted over objection for the limited purpose "not as proof of the facts contended by the Georgia Power Company but solely for the purpose of showing why it acted as it did."

Thus, contrary to the appellee's contention that there is undisputed evidence that its easement was entitled to priority over the appellant's deed, it appears that the evidence is undisputed that it was *not* so entitled; this view is reinforced by the utility's subsequent action in commencing condemnation proceedings against Black for the same easement. The hearsay evidence admitted under Code § 38-302 may explain but certainly is no proof of

justification for the appellee's actions.

Nor does it matter what rulings were made on the issue by the special master trying the condemnation case. The punitive damages at issue here are those growing out of the trespass action which was consolidated for jury trial with the condemnation proceedings in the superior court. It was error to direct a verdict against the appellant on this issue.

2. The appellant having consented to the direction of a verdict in the sum of $1,750 on the issue of damages in the condemnation case, the remaining enumerations of error are moot, since none of them bear on the question of punitive damages and all other issues have been removed from the case. *Portsmouth Cotton &c. Corp. v. Cumming Oil &c. Co.,* 145 Ga. 159 (88 SE 940) (1916).

*Judgment reversed with direction that a new trial be granted as to punitive damages only. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 4, 1979 — DECIDED OCTOBER 12, 1979 —

Robert R. Black, *pro se.*
*Preston B. Lewis, Jr., Patrick Rice, Zachry A. Everitt,* for appellee.