S11A0212, S11X0214. CABREL v. LUM et al.; and vice versa.

(710 SE2d 810)

BENHAM, Justice.

Appellant/cross-appellee Aline Cabrel is the surviving spouse of Lucien Cabrel, who died in December 1963; appellees/cross-appellants Ramona Lum and Mary Jamelia Griffin are the adult daughters of Aline and Lucien Cabrel. Mrs. Lum and Mrs. Griffin

and their two brothers[1] were minor children when their father died, and the four minor children and their mother were the recipients of a joint award of year's support in 1964. In 2000, the daughters filed a petition to partition real property located in Henry and Spalding counties in which property the daughters claimed an interest by virtue of the 1964 joint award of year's support.[2] In their petition, the daughters also sought an accounting and to recover from their mother income generated by the property between 1964-1997. In 2001, Mrs. Cabrel withdrew her opposition to partitioning the property and, as a result of that concession, the superior court entered a consent order granting the application for partitioning. In 2004, a judgment was entered on a jury verdict approving the partitioners' return, thereby awarding the daughters fee-simple title to approximately 189 acres of the property and Mrs. Cabrel fee-simple title to 487 acres. There remained pending the daughters' claim for a portion of the income generated by the property since 1964.

In January 2009, the trial court granted partial summary judgment to the daughters on the remaining issue of income, finding their mother was liable to them for their proportionate share of the income produced by the property from 1964-1997. The trial court denied summary judgment to the daughters as to the amount to which the daughters were entitled and whether Mrs. Cabrel was entitled to any set-offs. In September 2009, Mrs. Cabrel filed a motion for summary judgment on the issue of damages and sought to set aside the 2004 judgment partitioning the property, asserting that her daughters had no right to partition the property or to income generated by the real property since that property was awarded in 1964 to her and the minor children as a year's support. In July 2010, the trial court entered an order declining to set aside the judgment of partition and granting Mrs. Cabrel summary judgment on the issue of damages, thereby awarding the daughters no monetary damages. The trial court also denied the daughters' request for an award of attorney fees under OCGA § 13-6-11. The trial court recognized that, during the life of the surviving spouse, a child cannot force partitioning of property received as an award of year's

---

[1] The brothers are not involved in this litigation, having quit-claimed their interest in the property to their mother.

[2] Since Mr. and Mrs. Cabrel had held title to the land as tenants in common, upon the death of Mr. Cabrel, Mrs. Cabrel held an undivided half-interest in the land. The joint award of year's support to the five beneficiaries of the year's support (Mrs. Cabrel, her two daughters and her two sons) in Mr. Cabrel's undivided one-half interest resulted in each beneficiary holding an undivided 1/10th interest. After her two sons quit-claimed their interests to Mrs. Cabrel, she held an undivided 4/5th interest and each daughter held an undivided 1/10th interest.

support, but held that the 2004 partitioning occurred as a result of Mrs. Cabrel having consented to the partitioning and not having appealed the partitioning judgment or having sought timely to vacate the judgment. The trial court ruled that Mrs. Cabrel was barred by the doctrines of res judicata, laches, estoppel, and waiver from seeking to disturb the 2004 judgment of partition. On the issue of damages, the trial court found in favor of Mrs. Cabrel, ruling that because there remained pending the issue of the amount the daughters were entitled to collect as a result of their mother's use of the property awarded as a year's support, Mrs. Cabrel was not barred from raising the award of a year's support to establish that her daughters were not entitled to income from the property. Finding in support of the continued existence of the year's-support award, the trial court did not award damages to the daughters.

In Case No. S11A0212, Mrs. Cabrel appeals the denial of summary judgment on the partitioning issue, contending the court that entered the 2004 partitioning judgment was without jurisdiction to partition the property.[3] In Case No. S11X0214, the daughters take issue with the trial court's denial of their motion for summary judgment, its failure to conduct a hearing on their motion for attorney fees, and its determinations that they were barred from having an accounting and were not entitled to pre-judgment interest.

1. Mrs. Cabrel asserts the trial court erred when it did not set aside the 2004 partitioning judgment. She contends the Superior Court of Spalding County was without jurisdiction in 2004 to enter the partitioning judgment during her lifetime since the property at issue was the subject of the 1964 award of year's support, and only the probate court, the successor of the court that set aside the property as an award of year's support, could sever that joint award.

A motion to set aside a judgment must be brought within three years of the entry of the judgment complained of; a judgment void for lack of personal or subject-matter jurisdiction may be attacked at any time. OCGA § 9-11-60 (f). Since Mrs. Cabrel sought to set aside the 2004 partitioning judgment more than three years after its entry, her attack on that judgment is viable only if the court that entered the judgment lacked personal or subject-matter jurisdiction. See *Hook v. Bergen*, 286 Ga. App. 258 (2) (649 SE2d 313) (2007). The Superior Court of Spalding County had subject-matter jurisdiction to

---

[3] Citing decisions of the Court of Appeals construing the Rules of the Court of Appeals of Georgia, the daughters argue that Mrs. Cabrel's appellate claims should be deemed abandoned because she did not include within her brief her enumeration of error. Since the Rules of the Supreme Court of Georgia differ from those of the Court of Appeals, we address Mrs. Cabrel's contention that the trial court erred when it declined to set aside the 2004 judgment of partition.

enter the partitioning judgment since the land sought to be partitioned was partially located in Spalding County and OCGA § 44-6-160, the statute under which the partitioning petition was filed, requires a partitioning petition to be filed in the superior court of the county in which the land is located. That court had personal jurisdiction of Mrs. Cabrel since, under the partitioning statutes, the notice of intent to seek partitioning is the only process necessary to bring a defendant into court to meet the application for partitioning. *Shields v. Gish*, 280 Ga. 556 (3) (629 SE2d 244) (2006).[4]

Since the motion to set aside was filed more than three years after the entry of the judgment of partition and that judgment was made by a court with jurisdiction, the trial court did not err when it denied Mrs. Cabrel's motion to set aside the judgment of partition. The judgment appealed in Case No. S11A0212 is affirmed.

2. In their cross-appeal, the daughters, who hold fee-simple title to 189 acres of the 676 acres as a result of the 2004 judgment of partition, contend the trial court erred when it awarded them no damages on their claim to a share of the income generated by the year's-support property from 1964-1997. The daughters maintain they are entitled to an accounting in light of their status as co-tenants with their mother as a result of the 1964 joint award of year's support. In order to address the issues presented by the cross-appeal, a brief overview of the law of year's support is warranted.

When an individual dies testate or intestate and is survived by a spouse and/or minor children, the survivors are entitled, upon application to the probate court having jurisdiction over the decedent's estate, to an allowance out of the estate called a year's support. OCGA §§ 53-3-1 (c); 53-3-5 (a). See also Radford, 1 Ga. Wills & Administration in Georgia § 10:1. It is "[a]mong the necessary expenses of administration and to be preferred before all other debts . . . ." OCGA § 53-3-1 (b). See OCGA § 53-7-40 (ranking year's support as the first claim an estate is liable to pay, "unless otherwise provided by law"). The property set aside is intended for the joint support and maintenance of the surviving spouse and the minor children. *Tribble v. Knight*, 238 Ga. 84, 86 (231 SE2d 68) (1976). The year's support award

"is a joint provision for all the beneficiaries. No part of it

---

[4] The probate court of the county in which the year's support award was made does not have jurisdiction to partition the property. See OCGA § 44-6-160, which requires a petition for statutory partitioning to be filed in superior court. The probate court retains jurisdiction over the year's support property for a limited purpose — to review certain proposed conveyances or encumbrances of the property set apart. See OCGA § 53-3-19.

vests absolutely in any one of them, but the entire amount set apart becomes the common property of all, for the benefit of all of them together," . . . [meaning] that the share of each is thrown into [a] hotchpot, so to speak, and the whole, both as to corpus and income, is charged with the support of each of the beneficiaries so long as they occupy that relationship. . . .

*Walden v. Walden*, 191 Ga. 182, 189 (12 SE2d 345) (1940), quoting *Goss v. Harris*, 117 Ga. 345, 347 (43 SE 734) (1903). Upon marriage or attainment of majority, each minor child loses the right to receive support generated by the property set apart, but owns an undivided interest in the set-apart property that is not consumed in the support and maintenance of the surviving spouse and the remaining minor children. *Tribble v. Knight*, supra, 238 Ga. at 86.

Property set apart for the joint support and maintenance of the surviving spouse and minor children "continues after the expiration of the year, and thereafter so long as it lasts to be subject to the support of the [surviving spouse] during her [or his] life and the children[,] until they are married or reach majority." *Walden v. Walden*, supra, 191 Ga. at 184. The allowance given in response to a year's support application may be in the form of real property from the estate of the deceased spouse/parent (*Whitt v. Ketchum*, 84 Ga. 128 (10 SE 503) (1889)), and property awarded jointly to the surviving spouse and minor children

vests in them as tenants in common and the interest of minors is not terminated by their attainment of majority. But throughout the lifetime of the [surviving spouse] a joint award remains subject to the right of the [surviving spouse] to sell or encumber for [the surviving spouse's] support or that of remaining minors.

*Sudderth v. Bailey*, 239 Ga. 385 (236 SE2d 823) (1977) quoting 29 EGL, Year's Support, § 18 (1975). See also *Tribble v. Knight*, supra, 238 Ga. at 86. See also *Walden v. Walden*, supra, 191 Ga. at 188-189 ("when property is set aside to a widow and minor children . . . the widow and minor children become owners of the property in common . . . [and] each of them has an equal undivided interest in the property"); *Claxton v. Claxton*, 214 Ga. 715, 718 (107 SE2d 320) (1959) (children acquire an undivided interest in the property set apart which interest is not divested by operation of law upon attaining majority).

After all the children attain majority, title to the property remains vested in them jointly, subject to the right of the surviving

spouse to sell the entire interest for the spouse's maintenance and support. *Collins v. Collins*, 224 Ga. 671 (1) (164 SE2d 139) (1968). With regard to property set apart in an award subsequent to enactment of Ga. L. 1937, p. 861,[5] any conveyance or encumbrance by the surviving spouse of any or all of the property set apart is binding and conclusive only on the surviving spouse. OCGA § 53-3-19 (a). The surviving spouse's conveyance or encumbrance binds the children if the probate court approves the conveyance or encumbrance, and is binding and conclusive on sui juris children who join the surviving spouse in making the conveyance or encumbrance. OCGA § 53-3-19 (b), (c). The surviving spouse does not have the power to leave a will devising the children's share of the property to another (*Walden v. Walden*, supra, 191 Ga. 192 (3)), and, during the lifetime of the surviving spouse, a child has no right to partition the property, even after attaining majority. *Barber v. Dunn*, 225 Ga. 134 (1) (b) (166 SE2d 572) (1969); *Dowdy v. Dowdy*, 187 Ga. 26, 28-29 (199 SE 191) (1938).

3. Contrary to the daughters' contention, the case law construing the year's support statutes so as to postpone the adult children's use and possession of their undivided interest in the set-apart property until the death of the surviving spouse and the attainment of majority by all the children is not an unconstitutional usurpation by the judiciary of the legislative branch's exclusive power to make the laws. Rather, the case law is the result of this Court's exercise of its judicial power "to interpret the statutes enacted by the legislative branch and enforced by the executive branch" (*Handel v. Powell*, 284 Ga. 550, 553 (670 SE2d 62) (2008)), seeking to give effect to the legislative intent. *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). See, e.g., *Whitt v. Ketchum*, supra, 84 Ga. at 128-129 (when property is set apart for support of a family as a whole for twelve months, the holding that the residue stands over to be used by the surviving spouse and minor children until there is no longer either surviving spouse or minor child "is consistent with the scheme of the statute"); *Walden v. Walden*, 191 Ga. at 189 (construing "share and share alike" in year's support statute "to mean simply that the share of each is thrown into [a] hotchpot . . . and the whole . . . is charged with the support of each of the beneficiaries so

---

[5] The 1937 act, codified in OCGA § 53-3-19, requires the probate court to approve any conveyance or encumbrance of the year's support property in order for that conveyance or encumbrance to bind the children. In *Turman v. Mabry*, 221 Ga. 153 (143 SE2d 645) (1965), this Court ruled that the 1937 act limited the surviving spouse's ability to sell year's support property jointly awarded to the spouse and minor children and, as such, curtailed a valuable vested right so that the 1937 act was applicable only when the award of year's support was made after the passage of the act.

long as they occupy that relationship").[6]

4. Citing *Claxton v. Claxton*, supra, 214 Ga. 715, the daughters assert that any sale of year's support property by Mrs. Cabrel must be set aside as void because the sales were not approved by the probate court pursuant to OCGA §§ 53-3-19 (b); 53-3-20. When a surviving spouse sells year's support property without the approval of the probate court or without the agreement of the sui juris children, only the interest of the surviving spouse is sold, and the children retain their interest. Id. at 719. Thus, if Mrs. Cabrel conveyed property without the authorization of the probate court or the agreement of the adult children, the sale did not convey the daughters' interests in the year's support property. Id. We need not decide whether such a sale took place, however, because the question of the extent of the daughters' interests in the year's support property was resolved in the 2004 partitioning judgment which awarded the daughters their share of the year's support property — fee-simple title to 189 acres. The partitioning judgment was not appealed, and cross-appellants cannot now complain that they have a greater interest in the property than that which was awarded them in 2004.

5. The daughters next contend they are entitled to an accounting pursuant to OCGA § 44-6-121 of income derived from the year's support property from 1964-1997. The trial court's 2010 judgment did not deny them an accounting; rather, it held that they were entitled to no monetary award with regard to the income generated by the year's support property. The trial court did not err when it found that the daughters were not entitled to receive today rents and profits generated by the set-apart property during the minority of the daughters or during their majority. A minor child who is a beneficiary of a joint award of year's support "ha[s] no right to demand or receive . . . her portion of rents and profits of such land." *Walden v. Walden*, supra, 191 Ga. at 185. The "share" of each minor beneficiary is put in a "hotchpot" for the benefit of the surviving spouse and other minor children. Upon marriage or attainment of majority, each child loses the right to be supported by the property, but does not lose the undivided interest in the property set apart, subject to the property being consumed by the surviving spouse and

---

[6] The cases upon which the daughters rely (*Anderson v. Westmoreland*, 286 Ga. App. 561 (649 SE2d 820) (2007); *Taylor v. Taylor*, 288 Ga. App. 334 (654 SE2d 146) (2007); and *Holland v. Holland*, 267 Ga. App. 251 (599 SE2d 242) (2004)) are appeals from judgments deciding what real and personal property were to be set apart as year's support. In the case at bar, that issue was decided in 1964 and is not subject to review today. *Anderson* and *Taylor* construe statutes that took effect in 1998 and are not applicable to the case at bar, and *Holland* determined that the petitioner for year's support did not carry her burden of proof regarding the amount that should be awarded with regard to two pieces of real property.

remaining minor children. After attaining their majority, the daughters lost the right to be supported by the rents and profits derived from the set-apart property. Sui juris children are tenants in common with their fellow beneficiaries of the property set apart, but, upon their attainment of majority or sui juris status, their right to use, to own, or to benefit from the property is limited to that which remains after all minor beneficiaries have attained majority and the surviving spouse is no longer in life. Those contingencies not having been met, the daughters are not entitled to income from the property, and the trial court did not err in so concluding.[7]

6. The trial court did not err when it did not award attorney fees to the daughters. The daughters alleged in their complaint filed in 2000 that Mrs. Cabrel was responsible for their expenses of litigation, including attorney fees, pursuant to OCGA § 13-6-11 because she purportedly had acted in bad faith, been stubbornly litigious and had caused them unnecessary trouble and expense. "[T]he expenses of litigation recoverable pursuant to OCGA § 13-6-11 are ancillary and may only be recovered where other elements of damage are also recoverable." *Steele v. Russell*, 262 Ga. 651-652 (424 SE2d 272) (1993). Since the daughters were not awarded any damages, they could not recover attorney fees pursuant to OCGA § 13-6-11.

7. The daughters' request that the Court impose on Mrs. Cabrel a $2,500 penalty for frivolous appeal is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 2011.

*Smith, Welch & Brittain, A. J. Welch, Jr., David M. Waldroup*, for appellant.

*R. Edwin Joyner*, for appellees.

---

[7] The daughters are enjoying their interest in the set-apart property only due to the 2004 partitioning to which Mrs. Cabrel consented.