## A11A2184. WILLIAMS v. WILLIAMS.
(717 SE2d 553)

MCFADDEN, Judge.

On February 28, 2005, the trial court entered an adoption decree granting Jennifer Williams's petition to adopt her two stepchildren and terminating the parental rights of the children's biological mother, April Williams (a/k/a April Hindman). Therein, the trial court found that April Williams had not provided financial support for the children or seen them since the summer of 2002 and that she could not be found despite a diligent search. Earlier, the trial court had authorized April Williams to be served by publication. See OCGA §§ 9-11-4 (f) (1) (A) (setting forth requirements for service by publication); 19-8-10 (c) (allowing service by publication of adoption petition).

Two and a half years after the entry of the adoption decree, on September 27, 2007, April Williams moved under OCGA § 9-11-60 to reopen and set aside the adoption decree, arguing that at the time of the adoption proceeding she had been incarcerated, that Jennifer Williams could have discovered her whereabouts, and that the service by publication thus had been insufficient. The trial court held that the decree was void for lack of jurisdiction because April Williams had not been properly served, and it granted the motion to reopen and set aside the adoption. We granted interlocutory review of that order. We find that the trial court erred in reopening and setting aside the adoption because April Williams challenged the adoption decree more than six months after its entry, and accordingly we reverse.

OCGA § 19-8-18 (e) provides that "[a] decree of adoption issued pursuant to subsection (b) of this Code section shall not be subject to *any* judicial challenge filed more than six months after the date of entry of such decree." (Emphasis supplied.) The adoption in this case was issued pursuant to subsection (b), because it involved the surrender or termination of a biological parent's rights. See OCGA § 19-8-18 (b).

Notwithstanding OCGA § 19-8-18 (e)'s plain language, the trial court held that the Code section did not bar April Williams's challenge to the adoption decree, on the ground that the challenge was brought under OCGA § 9-11-60, which allows for a judgment void for lack of jurisdiction to be attacked "at any time" through a motion to set aside. OCGA § 9-11-60 (f). See generally *Burch v. Dines*,

267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004) (invalidity of service can give rise to lack of personal jurisdiction). But for purposes of statutory interpretation, "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them." (Citation and punctuation omitted.) *Marshall v. Speedee Cash of Ga.*, 292 Ga. App. 790, 791 (665 SE2d 888) (2008). In this case, OCGA § 19-8-18 (e) is the more specific statute because it addresses when a particular type of judgment — an adoption decree — may be attacked, while OCGA § 9-11-60 (f) addresses when judgments in general may be attacked. Neither statute contains language indicating a legislative intent that a motion to set aside under OCGA § 9-11-60 for lack of jurisdiction is an exception to the specific prohibition in OCGA § 19-8-18 (e) against "any judicial challenge" to an adoption decree. Cf. *McDonald v. H & S Homes*, 290 Ga. App. 103, 104 (658 SE2d 901) (2008) (holding that OCGA § 9-11-60 cannot be used to circumvent Federal Arbitration Act's shorter time period for attacking arbitration award).

We also find no merit in April Williams's contention that Jennifer Williams should be estopped from asserting OCGA § 19-8-18 (e) to bar the motion to set aside the adoption decree because she misled the trial court into allowing service by publication. That contention is an attempt to relitigate whether the necessary showing to support service by publication had been made during the adoption proceedings. It is an attempt to do precisely what OCGA § 19-8-18 (e) prohibits. We note that April Williams did not allege that Jennifer Williams had engaged in any active deception during the six months following the entry of the adoption decree that prohibited April Williams from learning of that decree or bringing a challenge against it. Accordingly, we do not address whether such an allegation could present a viable basis for tolling the six-month period set forth in OCGA § 19-8-18 (e).

Because OCGA § 19-8-18 (e) precluded April Williams from challenging the adoption decree, the trial court should have dismissed her motion to reopen and set aside that decree. We hereby reverse the trial court's judgment and remand this case for the trial court to enter a dismissal.

*Judgment reversed and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 13, 2011.

*A. James Rockefeller*, for appellant.

*Howard Z. Simms, District Attorney, Carmel W. Sanders,* for appellee.