**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 25, 2012**

# In the Court of Appeals of Georgia

A12A0303. CANTON PARTNERS v. THE SCARBROUGH BL-014
GROUP, INC., et al.

BLACKWELL, Judge.

It has been said that no good deed goes unpunished, and the proceedings up to now in this case seem to suggest the truth of that proposition. Canton Partners owns a parcel of real property in Troup County that is effectively landlocked and to which Canton Partners has no means of access, ingress, or egress. The parcel abuts an interstate highway,[1] and it otherwise is surrounded by property that is owned by United Investment Company. The nearest public road from which Canton Partners might access its property is State Route 54, and to do so, it would have to cross the property of United Investment, as well as a tract of land that is owned by The

---

[1] Canton Partners cannot, of course, just cut a driveway to its parcel from the interstate highway, and no one in this case suggests that it could do so.

Scarbrough Group, Inc.[2] Rather than run straight to the courthouse, Canton Partners first set out to negotiate with United Investment and Scarbrough for a private way across their lands, and its negotiations with Scarbrough were somewhat successful, inasmuch as it obtained a temporary, one-year private way across the Scarbrough tract. The negotiations with United Investment, however, were not as successful, and at that point, Canton Partners turned to the courts for help, only to find that help was not forthcoming because it had successfully negotiated with Scarbrough before suing.

Under OCGA § 44-9-40, when someone owns real property to which he "has no means of access, ingress, and egress," and when "a means of ingress, egress, and access may be had over and across the lands of any private person or corporation," the owner of the landlocked property may file a petition with the superior court for a private way, and if it is reasonable to do so, the superior court may condemn a private way over the lands of the others. OCGA § 44-9-40 (b). When its negotiations with United Investment failed, Canton Partners filed such a petition against United Investment, seeking the condemnation of a private way across the United Investment land to link its landlocked parcel with its temporary way over the Scarbrough tract,

---

[2] The Scarbrough tract is situated between State Route 54 and the United Investment property.

2

which would allow Canton Partners to access its property from State Route 54, at least as long as it maintained a right to use the temporary way over the Scarbrough tract. The superior court concluded, however, that the condemnation of a private way across the United Investment property would be unreasonable, inasmuch as the condemnation would be permanent, whereas the negotiated way across the Scarbrough tract was only temporary. Accordingly, the superior court refused the petition against United Investment.

Instead of appealing the refusal of its petition, Canton Partners filed a second one, this time filing against both United Investment and Scarbrough and seeking the condemnation of a private way across both of their properties. The second petition, however, fared no better than the first.[3] The court below dismissed the second petition as to Scarbrough, finding "as a matter of law that [Canton Partners] may not maintain an action to [condemn a way across the Scarbrough tract] when it currently has an existing right to use the identical property for [a means of access] by means of an access easement that was voluntarily bargained for and agreed upon by the parties."

---

[3] After its original petition was refused in the Superior Court of Troup County, Canton Partners filed its second petition in the Superior Court of Fulton County. On the motion of United Investment and Scarbrough, however, the second petition was transferred to the Superior Court of Troup County, which subsequently entered the judgment from which this appeal was taken.

The court below also dismissed the second petition as to United Investment, reasoning that nothing had changed since the dismissal of the first petition, and as against United Investment, the second petition was, therefore, barred by the principle of res judicata. Canton Partners appeals from the dismissal of its second petition, and we reverse.

1. As we understand it, the court below essentially concluded that Canton Partners was without standing under OCGA § 44-9-40 to petition for a private way across the Scarbrough tract because Canton Partners had a temporary, negotiated way across the same tract when it filed its second petition.[4] This conclusion, we think, was error. By the plain terms of the statute itself, one properly may bring a petition under OCGA § 44-9-40 "[w]hen [he] owns real estate or any interest therein to which [he] has no means of access, ingress, and egress" and "when a means of ingress, egress, and access may be had over and across the lands of any private person or corporation." OCGA § 44-9-40 (b). When Canton Partners filed its second petition, it had an existing right to cross over the lands of Scarbrough, but an exercise of that right would take Canton Partners only partway from State Route 54 to its landlocked

---

[4] The court below did not use the word "standing," but it did say that, in the circumstances presented here, Canton Partners "may not maintain an action" against Scarbrough. That sounds to us like standing.

4

parcel. It still could not cross the United Investment property, and the landlocked parcel was, therefore, still without a "means of access, ingress, and egress." The lack of a "means of access, ingress, and egress" could be remedied by a way "over and across the lands" of United Investment and Scarbrough. Canton Partners alleged all these things in its petition, and under the plain terms of the statute, the petition adequately established the standing of Canton Partners to pursue a condemnation against Scarbrough. OCGA § 44-9-40 (b); see generally *Hensley v. Henry*, 246 Ga. App. 417, 419 (1) (541 SE2d 398) (2000); *Mallory v. Upson County Bd. of Education*, 163 Ga. App. 377 (1) (294 SE2d 599) (1982).

That is not to say that the existence of a temporary way across the Scarbrough tract necessarily is irrelevant to the ultimate disposition of the petition. Upon consideration of the reasonableness of condemning a way over the Scarbrough tract, the court below perhaps might have weighed the existence of a negotiated way against the reasonableness of a condemnation.[5] By the same token, however, the

[5] According to the terms of OCGA § 44-9-40 (b), condemnation is per se unreasonable if "it appears that the condemnor owns a right of access, ingress, and egress to his property over another route or owns an easement to a right of private way over another route . . . which alternate route affords such person or corporation a reasonable means of access, ingress, and egress . . . ." But because the temporary private way over the Scarbrough tract did not alone afford Canton Partners "a reasonable means of access, ingress, and egress" to its landlocked parcel,

temporary nature of the negotiated way—and the fact that its expiration was, by the time the court dismissed the second petition, imminent and only a few weeks away—perhaps might have been weighed in favor of condemnation. We need not decide such things in this appeal because it appears that the court below never reached the question of whether a condemnation of a way over the Scarbrough tract was reasonable and instead dismissed the petition for want of standing. That decision was erroneous, and the dismissal of the petition as against Scarbrough must be reversed.

2. The court below also erred when it dismissed the second petition as against United Investment on grounds of res judicata. Generally speaking, the doctrine of res judicata forbids the litigation of a dispute that already has been litigated by the same parties and decided. See OCGA § 9-12-40. "In order for the doctrine to apply, three prerequisites must be satisfied: (1) identity of the parties or their privies; (2) identity of the cause of action; and (3) previous adjudication on the merits by a court of competent jurisdiction." *Rafizadeh v. KR Snellville, LLC*, 280 Ga. App. 613, 617 (3) (634 SE2d 406) (2006) (citation omitted). We conclude that res judicata has no

_____

condemnation of a private way in this case does not appear to be per se unreasonable. Whether it is otherwise unreasonable is for the court below to determine on remand and something about which we offer no opinion.

6

application in this case because the question presented in the second petition as to United Investment is materially different from the question presented in the first petition, and there is, therefore, no identity of the cause of action.

The question presented by the first petition was whether it is reasonable to condemn a private way across the land of United Investment to link the landlocked parcel with a temporary way over the Scarbrough tract or, put another way, whether it is reasonable to work a permanent condemnation that would only temporarily ensure a means of access to the landlocked parcel.[6] The question presented by the second petition, however, is whether it is reasonable to condemn a private way across the lands of both United Investment and Scarbrough to permanently secure a means of access to the landlocked parcel. Those are, we think, materially different questions, and for that reason, res judicata simply does not apply here.[7] See *Morrison v.*

___

[6] United Investment concedes that this was the issue presented in the first petition. Indeed, in its brief on appeal, it says: "[Canton Partners's] true complaint is that it could not again litigate the issue, decided adversely to it in the first action, that it could maintain an action to permanently take [United Investment's] property when it had only a temporary right to get to [United Investment's] property by way of the temporary Scarbrough easement."

[7] Res judicata may also apply to preclude the litigation of claims that "could have been adjudicated" between the same parties in a prior action. See *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010). That said, United Investment does not appear to contend in this case that

*Morrison*, 284 Ga. 112, 115 (3) (663 SE2d 714) (2008) ("The fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same cause within the meaning of OCGA § 9-12-40. For that doctrine to act as a bar, the cause of action in each suit must be identical.") (citations and punctuation omitted). Accordingly, we reverse the judgment below and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Mikell, P. J., and Miller, J., concur.*

---

Canton Partners could or should have joined and sought condemnation as against Scarbrough in the first petition. To the contrary, United Investment disputes that it ever insisted "that Scarbrough be made a party to that action," and it argues that adding Scarbrough to the first petition would have been futile because the existence of the temporary way absolutely bars any condemnation action against Scarbrough. That argument, of course, is misplaced, as we explained in Division 1. Because the application of res judicata was premised below, and is defended on appeal, on the ground that the questions presented in the first and second petitions are identical—a premise that we reject—we have no occasion in this appeal to decide whether res judicata might properly have been premised on the ground that the distinct question presented in the second petition could and should have been raised in the first.

8