**THIRD DIVISION**
**ELLINGTON, P. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 17, 2016**

# In the Court of Appeals of Georgia

A15A2205. ONI v. ONI.

PHIPPS, Presiding Judge.

Adedamola Olagoke Oni ("Dr. Oni") is the adoptive father of twins born to Cassondra Oni ("Ms. Oni").[1] In the first appearance of this case before this court, *Oni v. Oni*[2] (*Oni I*), Dr. Oni contended that the trial court erred by granting Ms. Oni's motion to set aside the adoption.[3] We agreed with Dr. Oni, reversed the judgment, and remanded the case for proceedings not inconsistent with *Oni I*.[4] On remand, the trial

---

[1] "The parties are not married. Ms. Oni, previously Cassondra Tucker, took her name by petitioning for a name change." *Oni v. Oni*, 323 Ga. App. 467, n. 1 (746 SE2d 641) (2013) (physical precedent only).

[2] Supra.

[3] Id. at 469 (1).

[4] See id. at 470 (1).

court granted Ms. Oni's amended motion to set aside the adoption. Dr. Oni now appeals for a second time. For reasons that follow, we again reverse the trial court's judgment and remand with direction.

After meeting in 2009, Dr. Oni and Ms. Oni began a relationship.[5] They discussed the possibility that Dr. Oni would adopt the twins, who were not his biological children.[6] In April 2010, Ms. Oni and her then three-year-old twins moved into Dr. Oni's home.[7] One month prior to that, in March 2010, Ms. Oni and the twins' natural father had surrendered their parental rights to facilitate the twins' placement for adoption.[8] Notably, the surrender documents executed by Ms. Oni stated, inter alia, that she agreed that Dr. Oni "may initiate legal proceedings for the legal adoption of the children without further notice to me. I do, furthermore, expressly waive any other notice or service in any of the legal proceedings for the adoption of the children."[9]

---

[5] Id. at 467.

[6] Id.

[7] Id.

[8] Id.

[9] Id. (punctuation omitted).

A final decree of adoption was granted to Dr. Oni on August 24, 2010.[10] On July 1, 2011, Ms. Oni moved the trial court to set it aside.[11] She claimed that the adoption had been procured through fraud and duress, alleging that Dr. Oni had told her the adoption would be "open" and that she would continue to live with him and the twins until she and Dr. Oni married at some later date.[12] In addition, she alleged that Dr. Oni had taken steps to prevent her from discovering that the adoption had been finalized and that she had not learned about it until May 2011 when she attended a child support hearing against the twins' biological father.[13]

Dr. Oni moved to dismiss Ms. Oni's motion to set aside the adoption decree, asserting that her challenge thereto was statutorily time-barred.[14] The trial court, however, denied Dr. Oni's motion to dismiss; then granted Ms. Oni's motion to set

---

[10] Id. at 468. The adoption decree was later amended to provide for a name change for the children. Id. at 468, n. 2.

[11] Id. at 469.

[12] Id. at 468.

[13] Id.

[14] Id. at 467.

3

aside the adoption,[15] and further awarded her temporary custody of the children. When Dr. Oni appealed in *Oni I*, we reversed the trial court's rulings.[16]

*Oni I* first determined that the adoption decree had been entered pursuant to OCGA § 19-8-18 (b).[17] Next, *Oni I* recited, "OCGA § 19-8-18 (e) provides that '[a] decree of adoption issued pursuant to subsection (b) of this Code section shall not be subject to any judicial challenge filed more than six months after the date of entry of such decree.'"[18] Having calculated that Ms. Oni's challenge had been filed approximately ten months after entry of the adoption decree,[19] *Oni I* turned to Ms. Oni's argument that the statutory six-month period in which to challenge an adoption had been tolled by Dr. Oni's (alleged) fraud in concealing the adoption decree from her.[20] *Oni I* determined that "the language of the statute is unequivocal"[21] and that

---

[15] Id. at 469.

[16] Id. at 467.

[17] Id. at 469 (1).

[18] Id., quoting OCGA § 19-8-18 (e).

[19] Id. at 469 (1).

[20] Id. at 469-470 (1).

[21] Id. at 469 (1).

4

"the language of OCGA § 19-8-18 (e) brooks no exception."[22] Accordingly, *Oni I* concluded that Ms. Oni's motion to set aside the adoption was time-barred.[23]

*Oni I* went on to state that it was "mak[ing] no determination as to whether other procedural avenues remain[ed] open to Ms. Oni under which she could seek custody, given the trial court's grant of temporary custody to her."[24] *Oni I* then reversed the judgment, and remanded the "case to the trial court for proceedings not inconsistent with [that] decision, necessarily leaving to the trial court's determination whether there are appropriate proceedings available to facilitate a transition of the children from Ms. Oni's care to Dr. Oni's care."[25] Ms. Oni's petition to the Supreme Court of Georgia for a writ of certiorari was denied.[26]

After return of the remittitur to the trial court, Dr. Oni filed motions seeking custody of the children. But Ms. Oni objected, positing that *Oni I* suggested that other procedural avenues remained open to her under which she could seek custody.

---

[22] Id. at 470 (1).

[23] Id. at 469 (1).

[24] Id. at 470 (1).

[25] Id.

[26] *Oni v. Oni*, Case No. S13C1837, 2014 Ga. LEXIS 46 (January 6, 2014).

5

Furthermore, Ms. Oni asserted that her motion to set aside the adoption remained pending before the trial court. She filed an "amended motion to set aside judgment [the adoption decree]," wherein she claimed anew that "the many deficiencies in the adoption petition" rendered the decree of adoption "void ad [sic] initio and, hence, [it] did not have the force of law."

Dr. Oni countered that, in light of *Oni I*, Ms. Oni's amended motion to set aside was barred. After conducting a hearing, the court ruled against Dr. Oni, and agreed with Ms. Oni that Dr. Oni's petition for adoption had been "so fatally flawed that granting the Final Judgment and Decree of Adoption based on that petition must be declared void ab initio." The trial court explained in its order,

> The overarching principle of all adoptions is the consideration of the best interests of the children. Although the initial trial court recited the conclusion that the requested adoption would be in the children's best interests, the failure of [Dr.] Oni to present to the trial court any independent evidence or information about how the children came to be in his care or any investigation and report required by OCGA § 19-8-16 (a) or any criminal history records search as required by OCGA § 19-8-16 (d), left the trial court with no factual basis for reaching such a conclusion. Had the trial court been appropriately informed that [Dr.] Oni was a 60 year old man adopting 3 year old twins, that the children's mother lived with him and was unaware of the adoption proceedings, that his medical license had been suspended in Tennessee, that he was

6

discharged as a First Offender, that he had substantial physical limitations, and that he was divorced by Final Judgment and Decree setting out substantial issues of domestic violence and abuse, it is unlikely that the trial court would have determined that the adoption was in the children's best interests.

Finally, the trial court ruled, "[Ms. Oni's] and the biological father's Surrender of Parental Rights is hereby declared to be void ab initio and they are each restored to their position as legal mother and father of the above-referenced children."[27]

1. Dr. Oni maintains that, in light of *Oni I*, the trial court erred by granting Ms. Oni's amended motion to set aside the adoption decree. For reasons that follow, we agree that the trial court had no authority to do so.

In *Oni I*, we expressly determined that the adoption decree was entered pursuant to OCGA § 19-8-18 (b).[28] "Right or wrong, that decision was a final

---

[27] In so ruling, the trial court changed the children's names back to the names given them at birth.

[28] *Oni I*, supra at 469 (1). Accord *Bates v. Bates*, 317 Ga. App. 339, 342 (730 SE2d 482) (2012) ("[T]he application of the time bar set out in OCGA § 19-8-18 (e) presupposes that the adoption was one authorized by, and entered in accordance with, OCGA § 19-8-18 (b)."); *Williams v. Williams*, 312 Ga. App. 47 (717 SE2d 553) (2011) ("The adoption in this case was issued pursuant to [OCGA § 19-8-18 (b)], because it involved the surrender or termination of a biological parent's rights.") (citation omitted).

7

determination of the validity of the adoption decree, and . . . conclusive of that question as between [Dr. Oni] and [Ms. Oni.]"[29] Moreover, as *Oni I* expressly determined, Ms. Oni's (initial) judicial challenge was timed-barred by OCGA § 19-8-18 (e), which provides that "a decree of adoption issued pursuant to subsection (b) of this Code section shall not be subject to any judicial challenge filed more than six months after the date of entry of such decree."[30] A fortiori, Ms. Oni's amended motion to set aside the adoption – likewise, a judicial challenge thereto – was time-barred, and the trial court erred in rejecting Dr. Oni's argument in that regard. Given the circumstances of this case, *Shepherd v. Shepherd*[31] is instructive:

> Where the trial court, after hearing a motion to set aside a prior order in a pending case vacates the judgment complained of, and on appeal the trial court's decision is reversed without direction, judgment of the appellate court is final. Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to allow the movant to amend his motion. Nor can it

---

[29] *Bates*, supra.

[30] *Oni I*, supra (punctuation omitted); see *Williams*, supra (finding that the trial court erred in granting biological mother's motion to set aside adoption, where the biological mother challenged the adoption decree more than six months after its entry).

[31] 243 Ga. 253 (253 SE2d 696) (1979).

8

hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of [the appellate] court. The only action which that court ha[s] authority or power to take [is] to make the judgment of [the appellate] court the judgment of the trial court and to enter an order overruling the motion to vacate.[32]

*Oni I* was not precisely "reversed without direction." But the directive *Oni I* gave the trial court – specifically, "leaving to the trial court's determination whether there are appropriate proceedings available to facilitate a transition of the children from Ms. Oni's care to Dr. Oni's care"[33] – did not render inapplicable *Shepherd*'s instructions. Accordingly, we reverse the grant of Ms. Oni's amended motion to set aside the adoption decree, and remand with direction to the trial court that, upon receipt of the remittitur, judgment shall be entered in accord with *Oni I*'s conclusion that because Ms. Oni moved to set aside the adoption decree approximately ten months after entry of that decree, her judicial challenge was time-barred by OCGA § 19-8-18 (e).[34]

---

[32] Id. at 254 (citations omitted).

[33] *Oni I*, supra at 470 (1).

[34] Id.; see *Williams*, supra at 48 ("Because OCGA § 19-8-18 (e) precluded [the biological mother] from challenging the adoption decree, the trial court should have dismissed her motion to reopen and set aside that decree."); see generally *First Born*

2. In light of Division 1,[35] we need not reach Dr. Oni's other claims of error.

*Judgment reversed and case remanded with direction. Ellington, P. J., and Dillard, J., concur.*

---

*Church of the Living God v. Bank of America, N.A.*, 248 Ga. App. 500, 505 (546 SE2d 1) (2001) (finding inapplicable the principle that "the law of the case may not control where the evidentiary posture of the case changes after remand by the appellate court," where the earlier related appellate court decision did not remand the case for further hearings, but completely resolved the case) (citation and punctuation omitted).

[35] Supra.