**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 1, 2021**

# In the Court of Appeals of Georgia

A21A0622. GREENLEE v. TIDEBACK.

McFADDEN, Chief Judge.

This appeal challenges a trial court order denying a motion to set aside child custody provisions in a consent divorce decree based on judicial estoppel. Because the trial court did not abuse its discretion in applying the equitable doctrine of judicial estoppel, we affirm.

1. *Facts and procedural posture.*

Julie Ann Greenlee filed a complaint for divorce against Molly Jo Greenlee, who filed an answer and counterclaim for divorce. The parties subsequently entered into a divorce settlement agreement, which provided, among other things, that they had married in July 2013 and separated in August 2017; that two minor children were born of the marriage; and that the parties agreed to a parenting plan giving them joint

legal custody of their children, designating Julie Ann Greenlee as the children's primary physical custodian and Molly Jo Greenlee as their secondary physical custodian, and establishing a detailed visitation schedule. Julie Ann Greenlee filed a motion for judgment on the pleadings, attaching the settlement agreement to the motion, stating that there were two minor children of the marriage, and requesting that the trial court adopt the parties' proposed final decree of divorce incorporating the settlement agreement. The trial court granted the request and entered a final judgment and decree of divorce, incorporating the settlement agreement into the judgment, awarding custody of the children according to the terms of the parenting plan contained in the settlement agreement, and granting Molly Jo Greenlee's request to restore her former name of Molly Jo Tideback (hereinafter "Tideback").

Almost two years after the entry of the consent divorce decree, Tideback filed a motion for contempt and petition for modification of visitation, alleging that Julie Ann Greenlee (hereinafter "Greenlee") had violated the terms of the parenting plan included in the final judgment. Greenlee answered and filed a motion to set aside the portions of the final judgment awarding custodial rights to Tideback, claiming that she was not a biological or adoptive parent of the children. After a hearing, the trial court denied the motion to set aside, finding that judicial estoppel precluded Greenlee

2

from now claiming, contrary to her earlier successful claims to the court in the consent divorce proceedings, that no children were born of the marriage. Greenlee's application for discretionary review was granted and this appeal followed.

2. *Judicial estoppel.*

Greenlee contends that the trial court erred in applying judicial estoppel to deny the motion to set aside. "Judicial estoppel is an equitable doctrine that can be invoked by a court at its discretion, and we review a trial court's application of that doctrine for an abuse of discretion." *Fulton County v. Ward-Poag*, 310 Ga. 289, 291 (2) (a) (849 SE2d 465) (2020). Because Greenlee has not shown that the trial court significantly misapplied the law or clearly erred in a material factual finding, we find no abuse of discretion. See id.; *In the Interest of R. W.*, 315 Ga. App. 227, 232 (3) (c) (726 SE2d 708) (2012) ("An abuse of discretion occurs where the trial court significantly misapplies the law or clearly errs in a material factual finding.") (citation and punctuation omitted).

> Since 1994, Georgia courts have applied the federal doctrine of judicial estoppel. The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. As our Supreme Court has explained: The federal doctrine of judicial estoppel precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior

3

proceeding. . . . Georgia courts have followed the United States Supreme Court in considering three factors pertinent to the decision whether to apply the doctrine in a particular case: (1) the party's later position must be clearly inconsistent with its earlier position; (2) the party must have succeeded in persuading a court to accept the party's earlier position; absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*D'Antignac v. Deere & Co.*, 342 Ga. App. 771, 773-774 (1) (b) (804 SE2d 688) (2017) (citations and punctuation omitted).

In this case, the trial court properly considered the pertinent factors in deciding to exercise its discretion and apply the doctrine of judicial estoppel. As the trial court explained in its order denying the motion to set aside:

[Greenlee's] most recent position — that no children were actually born as issue of the marriage and therefore [Tideback] has no legal basis for custody of [the children] — is clearly inconsistent from the position she took when she requested that this [c]ourt enter the Consent Divorce Decree. Further, through the presentation of the Consent Divorce Decree, [Greenlee] persuaded this [c]ourt to accept her earlier position and now, to the detriment of [Tideback] and the children, motions this [c]ourt to set it aside. As such, this [c]ourt finds that [Greenlee] must be barred from attacking the validity of the Consent Divorce Decree pursuant to judicial estoppel.

Under these circumstances, we find that the trial court did not abuse its discretion in applying the doctrine of judicial estoppel to protect the integrity of the

4

judicial process by prohibiting Greenlee from deliberately changing positions from one judicial proceeding to the next simply because her interests may have changed. See *Rimmer v. Tinch*, 324 Ga. App. 65, 68 (1) (c) (749 SE2d 236) (2013) (citing judicial estoppel as basis for prohibiting appellants from taking a position contrary to that taken in a consent order giving certain visitation rights to father whose parental rights were terminated and to paternal grandmother) (physical precedent); *Bates v. Bates*, 317 Ga. App. 339, 344 n. 5 (730 SE2d 482) (2012) (although deciding appeal based on res judicata, noting that doctrine of judicial estoppel also might have precluded mother from moving to set aside a consent adoption decree with her former partner on the ground that the decree was void under Georgia law because such an "attack upon the validity of that decree amounts to an attempt to play the courts for fools, and that is the sort of thing that judges ought not tolerate.").

We note that Greenlee has cited *Baskin v. Hale*, 337 Ga. App. 420, 423-425 (1) (787 SE2d 785) (2016), to support her position that the trial court erred in applying judicial estoppel. But *Baskin* did not involve judicial estoppel; there was no application of judicial estoppel by the trial court in that case and no discussion of the doctrine in the opinion. Id. As the trial court in this case did not abuse its discretion in applying judicial estoppel, we affirm.

5

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*